UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PATTON,<br>Plaintiff,<br>v.<br>ROI, et al.,<br>Defendants. | Case No. 2:26-cv-2801-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, brings this action under section 1983 and alleges two separate and unrelated violations of his constitutional rights, one regarding his law library access and another implicating the adequacy of his medical care. Additionally, the complaint does not meet federal pleading standards. Accordingly, I will dismiss the complaint with leave to amend so that plaintiff may remedy these deficiencies. I will grant plaintiff's second application to proceed in forma pauperis and deny his first as moot. ECF Nos. 3 & 7. I will deny his motion for appointment of counsel, ECF No. 4, and his motion for exemption from e-filing, ECF No. 2. Finally, plaintiff's request for injunctive relief, contained in his complaint, should be denied.

I. Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

II. Analysis

Plaintiff's complaint is deficient in two ways.

First, it contains two separate and unrelated claims against more than one defendant. He alleges that defendants Roi and Sanchez have denied him sufficient law library access. ECF No. 1 at 19-20, 26. In an unrelated claim, he alleges that medical treatment for his legs has not been

constitutionally adequate. *Id.* at 23-24. Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Whether defendants have offered plaintiff sufficient law library access is a separate legal and factual question from whether his medical providers have afforded him constitutionally adequate care. These claims are unsuited to proceed together, and, in any amended complaint that plaintiff files, he must bring only related claims.

Second, plaintiff's complaint is not, as the federal rules demand, a short and plain statement of his claims. Fed. R. Civ. P. 8(a)(2). The complaint is thirty-six pages and interspersed with medical documents, ECF No. 1 at 6-7, scans of news media, *id.* at 5, and references to grievance logs, *id.* at 12-13. As such, it is difficult to discern the full scope of plaintiff's claims. Any amended complaint that plaintiff files should be concise and limited to a simple explanation of his claim or claims.

In light of these deficiencies, I necessarily recommend that the motion for injunctive relief contained in the complaint be denied, as plaintiff has not shown, as he must, a likelihood of success on the merits. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

Plaintiff's complaint is dismissed with leave to amend so that he may address the foregoing deficiencies. Within thirty days of this order's entry, he must submit an amended complaint or a notice of voluntary dismissal. He is advised that an amended complaint will entirely supersede the original complaint, should be filed on the form included with this order, should contain only related claims, and be titled "Amended Complaint." If he fails to file an amended complaint within the deadline, I will recommend that this action be dismissed for failure to prosecute and to follow court orders.

Motion to Appoint Counsel

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). The court may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Here, plaintiff has not identified any exceptional circumstances requiring the appointment of counsel. He references only his incarcerated status, but this limitation is common to every *pro se* prisoner litigant, and I cannot appoint counsel for all of them. Accordingly, plaintiff's motion to appoint counsel, ECF No. 4, is denied.

Motion for Exemption from E-Filing Requirements

Plaintiff's motion for exemption from e-filing requirements, ECF No. 2, is denied. It's unclear exactly what relief is necessary as, thus far, plaintiff has proven capable of submitting filings in this case. In the event there is some impediment to filing, he may show prison officials this order as proof of his engagement in litigation in federal court.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

5. Plaintiff's application to proceed *in forma pauperis*, ECF No. 7, is GRANTED, and his earlier application to proceed *in forma pauperis*, ECF No. 3, is DENIED.

6. Plaintiff's motion for exemption from e-filing requirement, ECF No. 2, and motion to appoint counsel, ECF No. 4, are DENIED.

7. The Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that the request for preliminary injunctive relief contained in the complaint, ECF No. 1, be DENIED for the reasons stated in this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within forty-five days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE